**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DLA - HOLWICK,[1]
 Appellant,

 v.

DEPARTMENT OF DEFENSE,
 Agency.

DOCKET NUMBER
DC-0752-15-0780-I-1

DATE: March 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Duane E. Lowden, Fort Washington, Maryland, pro se.

Thomas L. Mills, Fort Belvoir, Virginia, pro se.

Michael Lawrence Walters, Esquire, and Richard Saviet, Esquire, Fort
 Belvoir, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellants have filed petitions for review of the initial decision, which sustained their furloughs.  Generally, we grant petitions such as these only when:

---

[1] The appellants that are included in this consolidation are set forth in Appendix A to this order.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 A number of employees for the agency's Defense Logistics Agency (DLA) in Fort Belvoir, Virginia filed the instant appeal, challenging their furlough of 6 workdays between July and September 2013. *See, e.g.*, *Lowden v. Department of Defense*, MSPB Docket No. DC-0752-13-5443‑I‑1, Initial Appeal File (Lowden IAF), Tab 2, Tab 5 at 4, 9; *Mills v. Department of Defense*, MSPB Docket No. DC-0752-13-4718-I-1, Initial Appeal File (Mills IAF), Tab 2, Tab 7 at 4, 9. The administrative judge consolidated the appeals for adjudication. *DLA – Holwick v. Department of Defense*, MSPB Docket No. DC-0752-15-0780-I-1, Consolidation Appeal File (CAF), Tab 1. Because none of the appellants appeared for a prehearing conference, the administrative judge canceled the scheduled hearing and issued a decision on the written record, affirming the furloughs. CAF, Tab 10, Tab 14, Initial Decision (ID).

¶3 Two appellants have filed petitions for review of the initial decision. *Lowden v. Department of Defense*, MSPB Docket No. DC-0752-13-5443-I-1, Petition for Review (Lowden PFR) File, Tab 2; *Mills v. Department of Defense*, MSPB Docket No. DC-0752-13-4718-I-1, Petition for Review (Mills PFR) File,

Tab 1.[3]  In short, the appellants reassert that they were similarly situated to a number of employees who were exempted from the furloughs, and the agency failed to provide sound justification for the different treatment.  *E.g.*, Lowden PFR File, Tab 1 at 4-5.  The agency has filed a response to each petition.  Lowden PFR File, Tab 2; Mills PFR File, Tab 2.  One appellant has filed a reply.  Lowden PFR File, Tab 3.

¶4  A furlough of 30 days or less is reviewable by the Board under the "efficiency of the service" standard of 5 U.S.C. § 7513(a).  *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013).  The Board has found that an agency satisfies the efficiency of the service standard by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a "fair and even manner."[4]  *Id.*, ¶ 8 (quoting *Clark v. Office of Personnel Management*, 24 M.S.P.R. 224, 225 (1984)).  A fair and even manner means that the agency applied the furlough action uniformly and consistently.  *Id.*  An agency is not required to apply a furlough in such a way as to satisfy the Board's sense of equity.  *Id.*  An agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons.  *Id.*

¶5  The agency presented evidence that police officers at DLA, Fort Belvoir, generally fell into one of four categories:  (a) GS-6/7 rank and file officers; (b) GS-9/10 nonadministrative supervisory police officers; (c) GS-11/12 administrative and supervisory police officers; and (d) GS-9 administrative and nonsupervisory training officers/instructors.  *E.g.*, CAF, Tab 13 at 4-5.  The

---

[3] Although the appellants filed separate petitions for review, the arguments contained within mirror one another.  *Compare* Lowden PFR File, Tab 1, *with* Mills PFR File, Tab 1.

[4] The appellants do not contest that furloughs were a reasonable management solution to the agency's budgetary constraints.  *See, e.g.*, Lowden IAF, Tab 2 at 16-17; Lowden PFR File, Tab 1 at 5.

agency determined that the police officers in categories (a) and (b) would be exempt from the furloughs because they were necessary to protect life and property, while those in categories (c) and (d) were not necessary and would be furloughed.[5]  *E.g.*, CAF, Tab 5 at 21, Tab 13 at 4-5.

¶6        The appellants currently before us are among those in category (d); they hold the GS-9 position of Police Officer Instructor.  Lowden IAF, Tab 5 at 9; Mills IAF, Tab 7 at 9; CAF, Tab 13 at 5.  However, they reassert that they are similarly situated to officers who were exempted from the furloughs because they all are classified as series 0083 Federal Law Enforcement Officers and they all are subject to physical fitness standards.  *E.g.*, Lowden PFR File, Tab 1 at 4-5.  The appellants further argue that, although they perform additional teaching functions, they perform law enforcement duties similar to those of the exempted officers, even doing so during the furlough period, generally, so the agency could avoid the use of overtime.  *Id*. at 5.  We discern no basis for disturbing the initial decision, including the administrative judge's finding that the furloughed appellants were not similarly situated to those excepted from the furlough.  *See* ID at 11‑13.

¶7        Which employees are similarly situated for purposes of an adverse action furlough will be decided on a case-by-case basis, but the Board will be guided by reduction-in-force (RIF) principles, including RIF competitive-level principles.

---

[5] In implementing furloughs, generally, the Secretary of Defense created a number of limited exemptions.  *See* Defense Logistics Agency Administrative Record for FY 2013 Furlough Appeals (AR), Part 2, Tab 7 at 94-95, *available at* http://www.mspb.gov/furloughappeals/dla2013.htm.  Included was a provision that provided, "In order to avoid harm to mission, those employees necessary to protect safety of life and property are excepted to the extent necessary to protect life and property."  *Id*. at 94.  Although the appellants argue that they are similarly situated to some employees the agency deemed excepted under that provision, they do not argue that the provision mandated they also be excepted.  *See, e.g*., Lowden PFR File, Tab 1 at 4-5; *see generally Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶ 11 (2014) (recognizing that the exception contemplated that some employees occupying positions that are generally necessary to protect life and property could be excepted while others would not be excepted).

*Chandler*, 120 M.S.P.R. 163, ¶ 8; *see Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶ 6 (2014); 5 C.F.R. § 752.404(b)(2). In determining the retention standing of competing employees during a RIF, each agency must establish competitive levels consisting of all positions in a competitive area which are in the same grade (or occupational level) and classification series, and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption. *Weathers*, 121 M.S.P.R. 417, ¶ 8 (citing 5 C.F.R. §§ 351.401, 351.403(a)(1)).

¶8      Considering the aforementioned RIF competitive-level principles, it is evident that the GS-9 appellants are not similarly situated to the GS-6/7 rank-and-file officers the agency exempted from the furlough because they hold different grade levels. *Compare* CAF, Tab 13 at 8-16 (GS-0083-06 Police Officer position description), 18-26 (GS-0083-07 Lead Police Officer position description), *with id*. at 52-55 (GS-0083-09 Police Officer Instructor position description); *see Naval Station Norfolk – Hearing 2 v. Department of the Navy*, 123 M.S.P.R. 144, ¶¶ 17-18 (2016) (finding that detective and police officer positions required different competitive levels in the context of a furlough because they occupied different grade levels). This is so, despite the positions sharing the same classification series. *See Naval Station Norfolk – Hearing 2*, 123 M.S.P.R. 144, ¶ 21 (recognizing that the inclusion of positions in the same classification series does not require an agency to place them in the same competitive level).

¶9      Next, even if the appellants intended to assert that they are similarly situated to the exempted nonadministrative supervisory officers,[6] we would

---

[6] In their petitions, the appellants generally alleged that they are similarly situated to officers who were exempt from the furloughs. *E.g*., Lowden PFR File, Tab 1 at 4-5. However, that argument appears directed at the rank-and-file officers, not supervisory officers. *See id*. Although the appellants have alleged that they perform law

disagree. For positions to occupy the same competitive level, anyone who qualifies for one position must be able to qualify for all. *Id.*, ¶ 19. It is the nature of the positions, not the qualifications of the incumbents, which determines properly established competitive levels. *Id.* Comparing the position description of the nonadministrative supervisory officers who were exempted from the furlough with that of the appellants, only the former requires serving as an immediate supervisor to three to five officers, while only the latter includes duties such as developing training programs based upon regulatory requirements, budgetary forecasting, and coordinating tuition assistance. *Compare* CAF, Tab 13 at 28-34 (GS-0083-09 Supervisory Police Officer position description), *with id.* at 52-55 (GS-0083-09 Police Officer Instructor position description). Therefore, they belong in separate competitive levels. *See Coleman v. Department of Education*, 21 M.S.P.R. 574, 580-81 (1984) (finding that evidence supported separate competitive levels where the duties and responsibilities of a supervisory position "obviously differ[ed] from those of nonsupervisory positions in that they involve responsibility for the supervision of other employees," despite both falling within the same occupational series). As such, we find that the appellants were not similarly situated to the supervisory officers for purposes of the furlough, and the administrative judge properly sustained their furloughs. *See Naval Station Norfolk – Hearing 2*, 123 M.S.P.R. 144, ¶¶ 20-21 (finding that detectives and supervisory police officers were not similarly situated for purposes of a furlough because, inter alia, the detective position did not include regular supervisory duties or responsibilities).

---

enforcement duties in addition to their instructor duties, they have not argued that they perform supervisory duties. *See id.*

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

APPENDIX A

DLA - Holwick

DC-0752-15-0780-I-1


Duane E. Lowden                    DC-0752-13-5443-I-1

Thomas L. Mills                    DC-0752-13-4718-I-1